No. 85–1246. RAYMARK INDUSTRIES, INC. *v.* BATH IRON WORKS CORP. ET AL.;
No. 85–1253. EAGLE-PICHER INDUSTRIES, INC. *v.* UNITED STATES; and
No. 85–1288. RAYMARK INDUSTRIES, INC., ET AL. *v.* UNITED STATES. C. A. 1st Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In No. 85–1246, petitioner, an asbestos manufacturer, is the defendant in a products liability suit brought by the widow of a deceased employee of respondent Bath Iron Works' shipyard. Petitioner sought contribution from respondent on various theories, including a claim under § 5(b) of the Longshoremen's and Harbor Workers' Compensation Act, 86 Stat. 1263, 33 U. S. C. § 905(b). The United States Court of Appeals for the First Circuit held that § 5(b) covers only those torts that are within the reach of admiralty jurisdiction as defined in *Executive Jet Aviation, Inc.* v. *City of Cleveland*, 409 U. S. 249 (1972). *Drake* v. *Raymark Industries, Inc.*, 772 F. 2d 1007 (1985). The First Circuit concluded that ship construction does not satisfy the "maritime nexus" test of *Executive Jet*. As the First Circuit realized, its interpretation of the scope of § 5(b) conflicts with the decision in *Hall* v. *Hvide Hull No. 3*, 746 F. 2d 294 (CA5 1984), which holds that employees covered by the LHWCA who sue under § 5(b) need not satisfy the "maritime nexus" test of *Executive Jet* so long as the underlying event took place on a ship on navigable water.

In Nos. 85–1253 and 85–1288, which involve third-party claims by asbestos manufacturers against the United States as vessel owner and shipyard employer, the First Circuit followed its holding in *Drake, supra*, regarding the scope of § 5(b). *In re All Maine Asbestos Litigation (PNS Cases)*, 772 F. 2d 1023 (1985).

I would grant certiorari to resolve the conflict presented in these cases.