Barbara BUTLER, Plaintiff,

v.

AMERICAN TRAWLER CO., INC., Defendant.

Civ. No. 87–0347–P.

United States District Court, D. Maine.

Jan. 25, 1989.

George Beals and Naomi Honeth, Portland, Me., for plaintiff.

Keith A. Powers, Elizabeth A. Olivier, Preti, Falherty Beliveau & Pachios, Portland, Me., for defendant.

**MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

GENE CARTER, District Judge.

## I. INTRODUCTION

The Court now considers Defendant's Motion for Summary Judgment, filed on December 16, 1988. Defendant American Trawler Company, Inc. brings this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the basis that Plaintiff Barbara Butler has failed to bring her claim within the period prescribed by the statute of limitations imposed upon maritime torts under 46

U.S.C.App. § 763a.[1] For the reasons set out herein, this Court hereby grants this motion.

## II. FACTUAL BACKGROUND

The following facts are undisputed except as specifically indicated. On May 8, 1984, Plaintiff was injured while attempting to board a fishing vessel, the SEA LION VII,[2] which was docked at Defendant's wharf in Newington, New Hampshire. The SEA LION VII had tied up at the wharf to unload its catch.

Plaintiff and a friend had driven from Portland, Maine to Newington intending to meet the friend's husband, the captain of the SEA LION VII, at the dock and return to Portland together. Upon arriving in Newington, Plaintiff drove to Defendant's dock, where she was waived through a gate and permitted to park near the dock where the vessel was moored. Plaintiff claims that she and her companion waited around the dock area for less than one hour until the vessel's captain completed his duties.

The SEA LION VII captain invited Plaintiff to return to Portland aboard the vessel with its crew. Plaintiff accepted this invitation. Plaintiff turned over the automobile she had driven to the captain and his wife, who presumably then returned to Portland. Plaintiff returned to the dock to board the vessel.

Because it was low tide when Plaintiff went to board the SEA LION VII, the vessel's deck was eight to ten feet below the level of the dock. There was a dock ladder attached to the side of the dock, but Plaintiff claims that the ladder was "badly mangled" and did not appear to offer a safe means of access to the boat's deck.

After considering her options, Plaintiff chose to board by lowering herself hand-over-hand down the part of the vessel's rigging known as the "bird chain." It was in the course of boarding the vessel in this manner that Plaintiff sustained the injury to the finger that is the source of this cause of action.

Plaintiff brings this action under 28 U.S.C. § 1332 based on diversity jurisdiction, stating a cause of action on a theory of state common law negligence. Plaintiff claims that Defendant's negligence in failing to provide a properly maintained dock ladder is the sole causative factor in her injury. In its motion for summary judgment, Defendant argues that Plaintiff's claim constitutes a maritime tort and is governed by federal admiralty law. Therefore, Defendant claims that Plaintiff's cause of action is barred by the three year statute of limitations that governs maritime causes of action for personal injury under 46 U.S.C.App. § 763a.

## III. ANALYSIS

Defendant bases its motion for summary judgment in its argument that Plaintiff's injury, suffered while boarding the fishing vessel SEA LION VII, gives rise to a tort under maritime, as opposed to common, law. Both Defendant's briefing in support of and Plaintiff's briefing in opposition to this motion to dismiss address at length the issue of whether or not this case meets the *situs* and *nexus* criteria required in determining the existence of admiralty jurisdiction. *Foremost Insurance Co. v. Richardson*, 457 U.S. 668, 673, 102 S.Ct. 2654, 2657, 73 L.Ed.2d 300 (1982). At issue is whether or not Plaintiff is barred from bringing this action by 46 U.S.C.App. § 763a,[3] which

---

**1.** 46 U.S.C.App. § 763a imposes a three year statute of limitation upon maritime torts. Plaintiff suffered her injury on May 8, 1984. This action was commenced with the filing of Plaintiff's complaint on November 30, 1987, approximately three and one-half years after the date of the injury. Accordingly, a finding that 46 U.S.C.App. § 763a applies to the instant case would bar Plaintiff's recovery.

**2.** Although Plaintiff incurred her injury while attempting to board the vessel, neither the SEA

LION VII nor its owners are parties to this action.

**3.** 46 U.S.C.App. § 763a provides:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

places a three-year statute of limitations upon suits for recovery of damages for personal injury or death arising out of a maritime tort.

Although the injury to Plaintiff was suffered while boarding a fishing vessel, the jurisdictional predicate asserted by Plaintiff for this case is diversity of citizenship. Plaintiff has not claimed admiralty and maritime jurisdiction as vested in the federal district courts under 28 U.S.C. § 1333. Neither does Plaintiff's complaint contain a Rule 9(h) identification of the claim as being within the federal admiralty and maritime jurisdiction. Fed.R.Civ.P. 9(h). Rather, Plaintiff's claim is one of negligence under the common law of the state of Maine.

■ Plaintiff argues that because she claims diversity rather than admiralty jurisdiction, the Court must apply the state statute of limitations applicable to negligence claims. Plaintiff argues, in effect, that in bringing her action for negligence, she may choose whether or not to avail herself of federal district court admiralty jurisdiction. Plaintiff may properly assert diversity jurisdiction as a basis for her claim in this matter. 28 U.S.C. § 1332. Plaintiff's choice of diversity jurisdiction rather than admiralty jurisdiction, however, does not determine the substantive law that governs the case. *See Austin v. Unarco Industries, Inc.*, 705 F.2d 1, 8 n. 3 (1st Cir.), *cert. dismissed*, 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983).

■ The United States Supreme Court opinion in *Pope and Talbot, Inc. v. Hawn*, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), is instructive. In *Hawn*, the Supreme Court held that substantive federal maritime law applied where it had been determined that the basis of the underlying claim was a maritime tort. *Id.* at 409, 74 S.Ct. at 204–05.

Nor can we agree that Hawn's rights must be determined by the law of Pennsylvania.... True, Hawn was hurt inside Pennsylvania and ordinarily his rights would be determined by Pennsyl-

vania law. But he was injured on navigable waters while working on a ship to enable it to complete its loading for safer transportation of its cargo by water. Consequently, the basis of Hawn's action is a maritime tort.... His right of recovery for unseaworthiness and negligence is rooted in federal maritime law. Even if Hawn were seeking to enforce a state created remedy for this right, federal maritime law would be controlling.

*Id. Accord, Doucette v. Vincent*, 194 F.2d 834, 841–42 (1st Cir.1952) ("[w]hen a common law action is brought, whether in a state or federal court, to enforce a cause of action cognizable also in admiralty, the substantive law to be applied is the same as would be applied by an admiralty court...."). The *Hawn* Court also suggested that applying state law to a maritime tort claim simply because diversity jurisdiction is alleged would lead to forum shopping, noting that "the substantial rights of parties would depend on which courthouse, or even on which 'side' of the courthouse, a lawyer might guess to be in the best interests of his client." 346 U.S. at 411, 74 S.Ct. at 206. Faced with this likelihood, the Court held that "the substantial rights of an injured person are not to be determined differently whether his case is labelled 'law side' or 'admiralty side' on a district court's docket." *Id.* Under *Hawn*, a finding that the underlying cause of action constitutes a maritime tort mandates application of substantive federal admiralty law, Plaintiff's claim of diversity jurisdiction notwithstanding.

The recent opinion in the Court of Appeals for the First Circuit in *Carey v. Bahama Cruise Lines*, 864 F.2d 201 (1st Cir. 1988), supports this conclusion. In determining whether maritime or Massachusetts state law governed a tort claim for an injury plaintiff sustained while boarding a ship, the *Carey* court stated that "the mere fact that the plaintiff invoked the diversity of citizenship jurisdiction of the district court does not preclude the application of maritime law." *Carey*, at 206. The *Carey* court ruled that the Admiralty Clause of

the United States Constitution[4] prevented the district court from applying a Massachusetts comparative negligence rule in lieu of the admiralty standard of considering contributory negligence only for purposes of mitigating damages. 864 F.2d at 207–08. In *Carey*, it was determined that admiralty law applies where substantive provisions of admiralty and common law conflict.

The *Carey* case is similar to the instant case in several key aspects. In both cases, the plaintiffs have brought suit in federal district court based on diversity of citizenship, seeking damages for personal injuries for state common law negligence. In *Carey*, the plaintiff sought application of the more favorable negligence standard provided by federal admiralty law; here, Plaintiff seeks application of the more favorable statute of limitations provided under Maine law. In each case, however, the principle must be the same. If the claim is one sounding in maritime tort law, federal admiralty law controls when substantive provisions of federal admiralty and state law conflict.

Guided by *Carey*, then, the task remaining for this Court to perform is twofold. First, the Court must determine whether Plaintiff's injury in the instant case constitutes a maritime tort. If the claim is determined to constitute a maritime tort, then the Court must determine whether 46 U.S.C.App. § 763a, which establishes a three-year statute of limitations for personal death or injury arising from maritime torts, is substantive in nature. Under *Carey*, a substantive three-year statute of limitations would take priority over the six-year statute of limitations for tort claims under Maine law.

A. *Plaintiff's claim as a maritime tort action*

■ The Admiralty Jurisdiction Act of 1948 provides:

The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

46 U.S.C.App. § 740. Maritime torts are those that fall within the admiralty jurisdiction or satisfy the tests for the application of admiralty law. *Drake v. Raymark Industries, Inc.*, 772 F.2d 1007 (1st Cir.1985), *cert. denied, Raymark Industries, Inc. v. Bath Iron Works Corp.*, 476 U.S. 1126, 106 S.Ct. 1994, 90 L.Ed.2d 675 (1986). To determine whether a given action falls within admiralty jurisdiction and is subject to maritime law,[5] the United States Supreme Court has established a two-pronged analysis. *Executive Jet Aviation v. Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972). The first test in determining if a maritime tort exists is whether the negligence took effect in or on navigable waters. *Id.* The second test, which incorporates the first in part, is whether the alleged wrong bears a significant relationship or "nexus" to traditional maritime activity. *Id.; see Foremost Insurance Co. v. Richardson*, 457 U.S. at 674–75, 102 S.Ct. at 2658.

The *situs* requirement is met easily in this case. It is undisputed on the present record that Plaintiff suffered her injury while lowering herself hand-over-hand down the bird chain of the SEA LION VII. The vessel was docked in navigable waters at the time the injury occurred. Therefore, the negligence clearly took effect in navigable waters.

■ The *nexus* requirement analysis is more complex. In *Drake v. Raymark Industries, Inc.*, 772 F.2d at 1015, the Court of Appeals for the First Circuit has adopted a four-part test in analyzing the *nexus* requirement. The criteria to be considered are the function and roles of the parties,

---

**4.** "The judicial Power shall extend ... to all Cases of admiralty and maritime Jurisdiction ...." U.S. Const. art. III, § 2.

**5.** The Court of Appeals for the First Circuit has noted that "[o]nce admiralty jurisdiction is es-

tablished, then all of the substantive rules and precepts peculiar to the law of the sea become applicable." *Austin v. Unarco Industries, Inc.*, 705 F.2d at 6 n. 1, *citing Branch v. Schumann*, 445 F.2d 175, 178 (5th Cir.1971).

the types of vehicles and instrumentalities involved, the causation and type of injury, and traditional concepts of the role of admiralty law. *Id.*

Unquestionably, as an invited guest aboard an ocean-going vessel, Plaintiff has a recognizable maritime status. Persons aboard ship for the purpose of receiving passage to another port are engaged in an activity that is traditionally of a maritime nature in its role and function. *See Carey v. Bahama Boat Lines*, at 210, n. 4.

The type of vehicle or instrumentality involved in this case has a similarly recognizable maritime status. Plaintiff injured herself while boarding an ocean-going fishing vessel. The injury occurred while she was in the process of climbing down the ship's rigging. Clearly, the SEA LION VII and its rigging constitutes a maritime vessel or instrumentality.

As for the causation and type of injury, Plaintiff was allegedly injured while boarding the vessel at the captain's invitation. The gist of Plaintiff's complaint is that she was not provided a safe means of boarding, which failure was the proximate cause of her injury. Plaintiff points to *Diaz v. United States*, 655 F.Supp. 411, 414 (E.D. Va.1987), in which a cause of action for negligently applying wax stripper to the deck of a vessel did not give rise to a maritime cause of action. *Diaz*, however, is inapposite to the instant case. The cause of the injury in *Diaz* was an unsafe condition created by the improper application of wax stripper, which resulted in a "slip-and-fall" accident that could have occurred just as easily on land as on ship. 655 F.Supp. at 414–15. In contrast, no complaint is made here of a defective or dangerous condition on the surface of the dock. Rather, Plaintiff is alleging negligence in failure to provide a safe means of boarding a vessel in navigable waters. Duties and problems encountered in boarding a vessel are unique to the maritime arena, and are therefore not analogous to the facts in *Diaz*.

Finally, traditional concepts of admiralty law indicate that this case establishes a maritime tort action. It is not, as Plaintiff urges, mere happenstance that the injury occurred aboard a vessel, as in *Diaz*. Rather, the facts in this case are more suggestive of *Carey v. Bahama Cruise Lines, supra*, which involved an injury suffered while boarding a ship anchored at sea from a tender. Plaintiff's sole purpose for her presence on the dock at the time of her injury was to board the vessel. Boarding and disembarking from a vessel in navigable waters is clearly activity that is within the traditional concepts and usages governed by admiralty law. *Carey v. Bahama Cruise Lines*, at 210, n. 4. When negligence causes injury during the boarding of a vessel, whether from a tender or from a dock where the vessel is moored, the resulting cause of action sounds in admiralty. Therefore, having met the standards established in *Drake v. Raymark Industries*, Plaintiff's cause of action constitutes a maritime tort.

### B. *Statutes of limitation as substantive law*

 Having determined that Plaintiff's cause of action constitutes a maritime tort, the Court must determine whether the three-year statute of limitations imposed upon maritime torts under 46 U.S.C.App. § 763a is a substantive federal admiralty law. The substantive-procedural conflict is troublesome, and absent a Federal Rule of Civil Procedure or other federal choice-of-law statute on point, there is no single workable doctrine governing this question. 19 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4511 (1982). Of particular difficulty are cases that involve matters "which, though falling within the uncertain area between substance and procedure, are rationally capable of either." *Id., citing Hanna v. Plumer*, 380 U.S. 460, 472, 85 S.Ct. 1136, 1144–45, 14 L.Ed.2d 8 (1965).

The decisions of the United States Supreme Court provide some guidance. The analysis applied by the Supreme Court in *Guaranty Trust*, as well as the additional tests in *Byrd v. Blue Ridge Rural Electric Cooperative*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8

(1965), combine to offer a framework for resolution of substantive versus procedural issues in the federal courts. *See, e.g., Feinstein v. Massachusetts General Hospital,* 643 F.2d 880 (1st Cir.1981). Accordingly, the Court analyzes the instant case in light of the direction provided in these cases.

This issue of whether a statute of limitations constitutes a substantive or procedural law was addressed by the United States Supreme Court in *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In *Guaranty Trust,* the Supreme Court applied an "outcome-determinative" test in holding that the state's statute of limitations should apply. *Id.* at 109, 65 S.Ct. at 1469–70. The Court's holding was based on the principle in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that the result of litigation should be the same whether the suit is brought in federal court instead of the state court one block away. *Id.* Addressing the statute of limitations question, the Supreme Court noted that "a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly." *Id.* 326 U.S. at 110, 65 S.Ct. at 1470.

While downplaying the nominal distinction between "substantive" and "procedural," the *Guaranty Trust* Court in effect held that the statute of limitations was substantive, because its application would vitally affect the state-created cause of action. This holding has obvious application to the instant case, in which this Court has found *supra* that Plaintiff has stated a cause of action that sounds in federal maritime law. Because the facts presently before the Court indicate that the statutory period of limitation has passed, application of 46 U.S.C.App. § 763a, the federal statute of limitations for maritime torts, would completely bar Plaintiff's recovery. Thus, the statute of limitations imposed upon maritime torts has a substantive effect upon claims in federal admiralty, just as the state statute of limitations in *Guaranty Trust* had a substantive effect on the state-created cause of action. *Guaranty*

*Trust,* therefore, leads this Court to conclude that 46 U.S.C.App. § 763a is a substantive provision of federal admiralty law that must be applied in the instant case.

In *Byrd v. Blue Ridge Rural Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, the Supreme Court applied the *Guaranty Trust* outcome-determinative test in upholding federal court trial by jury in a diversity case where South Carolina state policy called for judicial resolution of certain issues in state workers' compensation actions. *Id.* In addition to the outcome-determinative test, however, the *Byrd* Court announced a balancing test that considered the relative importance of the federal and state interests in their respective conflicting provisions. *Id.* at 538, 78 S.Ct. at 901.

> Thus, the inquiry here is whether the federal policy favoring jury decisions of disputed fact questions should yield to the state rule in the interest of furthering the objective that the litigation should not come out one way in the federal court and another way in the state court.

*Id.*

The *Byrd* Court noted that if the outcome-determinative test were the sole consideration, then a strong case might appear for following state practice. *Id.* at 537, 78 S.Ct. at 900–01. The strong federal interests in the independence of the federal system and the preservation of the judge-jury relationship in federal courts, in combination with the outcome-determinative factor that a jury trial would not necessarily have a substantial impact in the outcome, led the *Byrd* Court to favor, on balance, the federal practice.

Applying the *Byrd* balancing test to the instant case, the federal interest in its statute of limitations is greater than that of the state. Express federal interests governing admiralty matters should apply to claims to be resolved under federal admiralty law. A state's interest in its statute of limitations applying to negligence actions that may appear on the law side of the federal district court only by virtue of diversity jurisdiction does not outweigh

federal interest in matters arising under federal admiralty law. The *Byrd* scales tip against the state's statute of limitations in the instant case.

The distinction between substantive and procedural elements of a claim for relief as analyzed in *Guaranty Trust* was defined further by the Supreme Court in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136. Addressing the issue of whether the manner of service of process is governed by state or federal law in a state negligence claim brought under diversity jurisdiction, the Supreme Court noted that the service of process cannot be considered a substantive issue:

> [I]t is difficult to argue that permitting service of defendant's wife to take the place of in-hand service of defendant himself alters the mode of enforcement of state-created rights in a fashion sufficiently "substantial" to raise the sort of equal protection problems to which the *Erie* opinion alluded.

*Id.* at 469, 85 S.Ct. at 1143.[6] In *Hanna*, the Supreme Court held that the manner of service of process in a diversity action is governed by the Federal Rules of Civil Procedure, not state law. *Id.*

In articulating its analysis, the *Hanna* Court stated that the outcome-determinative test "cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. at 1142; *see Feinstein v. Massachusetts General Hospital*, 643 F.2d at 884. This two-part reference supports this Court's conclusion that 46 U.S.C. App. § 763a is a substantive admiralty provision as applied in the instant case. Applying the *Hanna* analysis to the instant case, clearly application of the federal statute of limitations is necessary to discourage forum shopping. Having established that the cause of action lies in admiralty, it would make no sense to permit Plaintiff to circumvent the federal maritime tort statute of limitations simply by choosing diver-

sity jurisdiction in lieu of the maritime jurisdiction of the federal court. Similarly, permitting application of the state statute of limitations would result in an inequitable administration of admiralty law. One plaintiff who meets diversity requirements could invoke a state statute of limitations that may permit an action otherwise barred by 46 U.S.C.App. § 763a, while another plaintiff who fails diversity criteria may be barred from bringing an otherwise identical action. Other inequities may arise where a plaintiff invokes a statute of limitation in one forum that is more favorable than the statute of limitation available in another forum, resulting in different results for similar admiralty causes of action.

The Court finds that the statute of limitations for maritime torts under 46 U.S.C. App. § 763a is substantive in nature. This requires that the federal statute of limitations, as a substantive provision of federal admiralty law, be applied to the maritime tort described in the instant case under the analysis set out above. Plaintiff's claim for injuries allegedly suffered while boarding the SEA LION VII is barred because the action was commenced after the three year period of limitation prescribed by 46 U.S.C.App. § 763a had expired.

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment be, and it is hereby, GRANTED.

---

6. This result is in line with the *Guaranty Trust* conclusion that outcome-determinative factors such as statutes of limitation are substantive, whereas factors that will not necessary affect the outcome directly, such as service of process requirements, are procedural.