Shelley **WALCK**, Plaintiff,

v.

Anthony E. **DISCAVAGE, Jr.,**
**Defendant.**

Civ. A. No. 89–8078.

United States District Court,
E.D. Pennsylvania.

June 26, 1990.

Edward B. McDaid, Philadelphia, Pa., for plaintiff.

Thomas W. Smith, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, a Maryland resident, filed this action to recover for injuries sustained through the negligence of the defendant, a Pennsylvania resident, the owner and operator of a pleasure boat, the M/V The Sand Crab II, licensed and docked in Delaware. Plaintiff, a passenger, alleges that defendant negligently operated his boat causing her to be thrown to the deck sustaining physical injuries.

Defendant moves for summary judgment on the grounds that plaintiff's action is barred by the general admiralty statute of limitations contained in 46 U.S.C.S. § 763a. Arguing that her filing of a complaint in Maryland state court tolled the limitations period, plaintiff opposes defendant's motion. For the reasons stated below, I will deny defendant's motion for summary judgment.

### I.

This is a case of admiralty and maritime jurisdiction properly before this court pursuant to 28 U.S.C. § 1337. At the outset, I note that the jurisdiction of this court is not in dispute. Defendant Anthony E. Discavage, Jr. licenses and docks a pleasure boat on the Indian River Bay near Delaware's southeastern border with Maryland. Plaintiff Shelley Walck was a passenger on defendant's boat on September 6, 1986, journeying from the Indian River Bay. Plaintiff claims injuries sustained in a fall on board the vessel.

Prior to the running of the limitations period on September 6, 1989, plaintiff filed suit in the Circuit Court for Baltimore City, Maryland on July 26, 1989. Defendant Anthony Discavage contested the personal jurisdiction of the Maryland court on October 3, 1989, asserting he had no contacts with Maryland or its waters. On January 26, 1990, plaintiff's Maryland action was dismissed for lack of personal jurisdiction over defendant.

Anticipating the dismissal of her Maryland action, but prior to its actual dismissal, plaintiff initiated this action on November 13, 1989, after the expiration of the limitations period. Defendant Discavage has filed a motion for summary judgment, arguing that the present action is time-barred and that the Maryland action did not toll the running of the limitations period.

### II.

This claim is a maritime tort action and meets the requirements for application of admiralty law. *See* 46 U.S.C. § 740; *see also Edynak v. Atlantic Shipping Inc., Cie. Chambon Maclovia S.A.*, 562 F.2d 215 (3d Cir.), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1977). The Supreme Court has established a two-pronged analysis for determining admiralty jurisdiction and the application of maritime law. *Executive Jet Aviation v. Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972). First, the negligence must occur in or on navigable waters. *Id.* Second, the alleged pursuit must bear a "nexus" to traditional maritime activity.[1] *Id.*

Both parties agree that the 1980 amendment to the Death On The High Seas Act which created a uniform statute of limitations for maritime torts applies to this case. Section 763a of Title 46 of the United States Code states:

> Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a marine tort, shall not be maintained unless *commenced within three years from the date the cause of action accrued.*

(emphasis added). The purpose of Section 763a was to eliminate the prevailing confusion caused by the uncertainty as to which state's limitations period a court would apply in a maritime tort action.

---

**1.** The allegations of the complaint clearly demonstrate that plaintiff was a passenger on defendant's boat, apparently on a pleasure outing, on navigable waters. This establishes a usual location as well as a significant relation to traditional maritime activity. Therefore, plaintiff's cause of action is a maritime tort governed by maritime rules and principles.

*Burden v. Evansville Materials, Inc.,* 550 F.Supp. 41, 43 (W.D.Ky.1982). *Burden* gave a brief, but helpful, history of maritime statute of limitation periods:

> Before passage of the 1980 Act, any of at least three different time periods could control when plaintiffs had to bring suits involving personal injury or death on oceans or rivers. The statute of limitations for actions brought under the Death on the High Seas Act was two years, and was three years for actions under the Jones act. Actions alleging unseaworthiness and brought under general maritime law were sometimes considered subject to the discretionary doctrine of laches. Under that doctrine, judges selected an analogous statute of limitations—which sometimes was the Jones Act's requirements and sometimes was the statute of limitations of the forum state—and then decided whether to excuse application of that limitation if equity so required. The 1980 Act was designed to bring order to this confusion by establishing a uniform national statute of limitations of three years for suits "for recovery of damages for personal injury or death, or both, arising out of a maritime tort." 46 U.S.C. § 763a. The Act took effect on October 6, 1980.

*Id.* Several federal courts have recognized that "the stated intent of the legislation was to provide a uniform Statute of Limitations for *all* maritime torts." *Friel v. Cessna Aircraft Co.,* 751 F.2d 1037, 1038, (9th Cir.1985) (emphasis in original); *see also* H.R.Rep. No. 737, 96th Cong., 2d Sess. 1, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3303. This legislative intent has been clearly established and followed. Other courts have recognized that Section 763a "applies only to maritime tort cases not already 'governed by any specific statute of limitations but instead are governed by the vague contours of the equitable doctrine of laches.'" *Peoples v. Croisieres Paquet,* 1988 AMC 2229, 1988 WL 143414 (D.Or.1988) (quoting *Catterson v. Paquet Cruises, Inc.,* 513 F.Supp. 645, 646 (S.D.N.Y.1981).

Having determined that this action lies within the bounds of general maritime law,

defendant next suggests that I conclude that the present action is untimely. Because I find that principles of equitable tolling may be applied in this case, I reject defendant's argument.

■ The Third Circuit has relied on the Supreme Court's recognition that "[d]rawn from state and federal sources, the general maritime law is an amalgam of traditional common-law rules, modifications of those rules, and newly created rules." *East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 864–65, 106 S.Ct. 2295, 2298–99, 90 L.Ed.2d 865 (1986) (quoted in *Floyd v. Lykes Bros. S.S. Co., Inc.,* 844 F.2d 1044, 1047 (3d Cir.1988)). While it is clear that the limitations period found in Section 763a must be applied, I am not convinced that this court must ignore the fact that maritime law includes traditional common-law rules and modifications thereof, including discretionary principles of equity. I find no persuasive argument that Section 763a was intended to bar a plaintiff, like Shelley Walck from pursuing the present action under these circumstances.

Defendant's reliance on *Butler v. American Trawler Company, Inc.,* 707 F.Supp. 29 (D.Me.1989) is misplaced. In *Butler,* the court granted summary judgment in a maritime tort action where the plaintiff brought her personal injury claim beyond the period set forth in Section 763a. *Butler* merely involved the issue of whether the plaintiff's state common-law negligence action, which was governed by a six year statute of limitations, was time-barred by Section 763a. Here, the question is whether the statute of limitations was tolled on July 26, 1989 when plaintiff filed her Maryland complaint.

I begin with the general principle that equitable tolling is "read into every federal statute of limitation." *Homberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). Whether principles of equitable tolling should be applied to a particular circumstances demand inquiry into "the purposes and policies underlying the limitations provision, the Act itself, and the remedial scheme developed for the en-

forcement of the rights given by the Act." *Burnett v. New York Central Railroad,* 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). As defendant suggests, equitable tolling principles must be applied with caution.

The Death on the High Seas Act is "primarily a statutory authorization of a right of action 'in admiralty' with the substance of that right free to grow and change with federal maritime law so long as there is no conflict with the basic statutory purpose." *Knause v. Sud–Aviation, Soc. Nationale de Const. Aero.,* 301 F.Supp. 513, 524 (S.D. N.Y.1968). The purpose of Section 763a was to insure that no matter what individual state a maritime tort claim would be brought in, the limitations period would consistently be three years.[2] The tolling of the statute of limitations under the circumstances of this case would not conflict with the legislative purpose.

■ The Third Circuit has identified three specific, but not exclusive, instances for equitable tolling:

> [e]quitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has "in some extraordinary way" been prevented from asserting his rights, or, (3) *if the plaintiff has timely asserted his rights mistakenly in the wrong forum.*

*Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 753 (3d Cir.1983) (emphasis added); *see also Schafer v. Board of Public Education of the School District of Pittsburgh,* 903 F.2d 243, 250 (3d Cir.1990). Plaintiff has not alleged that defendant actively misled her in filing her suit in Maryland state court. Similarly there is no evidence that plaintiff has been extraordinarily prevented from asserting her rights. Therefore, the present action can only fall within the third circumstance identified by

the Third Circuit—the plaintiff has timely asserted her rights in the wrong forum.

Defendant cites *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981), to support his argument that filing an action in a court which lacks jurisdiction will not toll the statute of limitations. But *Fox,* a sex discrimination case, noted that "tolling is appropriate" even when filed in a court lacking jurisdiction, when "there exists a reasonable legal theory for invoking the jurisdiction of that court." *Id.* at 719. "[A]s a general matter, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations. But in this case, the lack of jurisdiction in the state court was far from clear." *Id.* at 719. This reasoning has been followed.[3] *See also Abelson v. Strong,* 644 F.Supp. 524, 533 (D.Mass.1986) (The doctrine of equitable tolling is not available to a party who fails to use due diligence to discover facts relevant to the cause during the limitations period.)

Here, the lack of jurisdiction in Maryland was not certain. Given the close proximity of the Maryland/Delaware border to the Indian River Bay, plaintiff was not unreasonable in believing, in light of her inability to pinpoint the exact location of her voyage, that her injury involved Maryland waters. Thus, plaintiff's filing of her claim in Maryland state court tolled the applicable three year limitations period. Plaintiff should not be precluded from bringing her case because she believed, in light of the facts at her disposal, that she was bringing her case in the proper forum. I conclude this for the following reasons. First, the plaintiff was not without a reasonable expectation that personal jurisdiction was possible in Maryland and that her suit could be properly commenced there.[4] Sec-

---

**2.** Under the former conditions unfairness prevailed because one forum might allow a two year limitation period while another would extend it to three. *See Burden,* 550 F.Supp. at 43.

**3.** In *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170 (9th Cir.1986), *modified on other grounds,* 815 F.2d 570 (9th Cir.1987), the statute of limitations on a sex discrimination claim was held to have been equitably tolled by plaintiff's filing suit in a

California state court lacking jurisdiction. The court noted that the "[f]iling in state court showed the due diligence statutes of limitations are designed to engender." *Id.* at 1175.

**4.** The state and federal courts have concurrent jurisdiction in this matter. "Exclusive federal jurisdiction attaches only when the ship is outside the territorial waters of a state. When the ship lies within those waters, the 'saving clause'

ond, plaintiff demonstrated due diligence in pursuing her claim against defendant by filing suit in Maryland state court and serving defendant with her complaint prior to the running of the limitations period. Third, after learning of defendant's jurisdictional challenge, plaintiff filed her present complaint only three months after filing the Maryland suit. These factors mitigate in plaintiff's favor and demonstrate that the Maryland filing showed "[s]ome measure of good faith expectation of proceeding in the court in which the complaint [was] filed." *Biby v. Kansas City Life Insurance Co.*, 629 F.2d 1289, 1294 (8th Cir.1980). Additionally, this conclusion is consistent with the notion that "it better becomes the humane and liberal character of the proceedings in admiralty to give than to withhold the remedy." *The Sea Gull*, 21 F.Cas. 909, 910 (C.C.Md.1865) (No. 12,578) (quoted in *Moragne v. State Marine Lines*, 398 U.S. 375, 387, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)).

In support of his argument that plaintiff did not exercise due diligence in investigating the location of her accident, defendant relies upon a report from the Helshein Chiropractic Center. *See* Defendant's Reply Memorandum, Exhibit 1. This report states, in pertinent part, that "[o]n September 6, 1986 [plaintiff] was a passenger in a boat on the Indian River [i]nlet in Delaware." This sentence does not, as defendant argues, establish that plaintiff was aware that her accident did not occur in Maryland. First, a party must rely upon competent, admissible evidence in support of a motion for summary judgement. *See* Fed.R.Civ.Proc. 56(e). This report is hearsay which has not been authenticated by affidavit or signed by the drafter. Nor has defendant identified an exception to the hearsay rule which would apply to this document. Second, there is no evidence that plaintiff even received a copy of this report[5] or evidence that plaintiff was the

individual that provided the chiropractic center with this information.

### III.

For the reasons stated above, defendant's motion for summary judgment is denied. This action shall proceed to arbitration forthwith.

---

of 46 U.S.C.A. § 767 permits foregoing admiralty jurisdiction by electing usual tort remedies under common law in state courts." *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1579 (11th Cir.1985). As *Bailey* demonstrates, plaintiff Walck had a reasonable legal basis for selecting the Maryland state court system.

**5.** I note that the patient's name on the report does not coincide with plaintiff's name. Defendant has failed to explain this discrepancy.