12/27/96

1-96-0015

JOSEPH CIERS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 v. )
 ) 
O.L. SCHMIDT BARGE LINES, INC., ) Honorable
 ) Arthur A. Sullivan, Jr.,
 Defendant-Appellee. ) Judge Presiding.

 PRESIDING JUSTICE HARTMAN delivered the opinion of the court:
 Plaintiff Joseph Ciers appeals from the circuit court order
granting defendant's motion for summary judgment based upon the
statute of limitations, raising as issues whether (1) defendant
should be equitably estopped from asserting a statute of
limitations defense; (2) defendant waived the statute of
limitations defense; and (3) the statute of limitations should be
equitably tolled.
 On January 23, 1985, Ciers, a tankerman, was injured after
falling on the deck of a barge owned by defendant O.L. Schmidt
Barge Lines (Schmidt). On December 10, 1986, Ciers filed a three
count complaint based upon The Jones Act, 46 U.S.C. 688, for
failure to provide a seaworthy vessel, negligence, and maintenance
and care. On July 31, 1990, Ciers' complaint was voluntarily
dismissed without prejudice. On July 30, 1991, he filed a new
complaint, pursuant to section 13-217 of the Code of Civil
Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13-217, current
version at 735 ILCS 5/13-217 (West 1994)), containing the same
allegations and adding a common law claim of negligence.
 On October 25, 1991, Schmidt filed its answer and affirmative
defenses, contending Ciers' exclusive remedy was under the
Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 905(b)
(the LHWCA). Schmidt thereafter successfully moved for partial
summary judgment as to Ciers' three Jones Act counts. The court's
November 5, 1993 order granting Schmidt's motion for partial
summary judgment stated that "plaintiff's action shall proceed as
a negligence action only as provided in 33 U.S.C. 905(b), [the
LHWCA]." Trial was set thereafter for May 5, 1995.
 On April 27, 1995, Schmidt successfully moved to continue the
trial date and for leave to file an additional affirmative defense,
based on a federal three-year statute of limitations, (46 U.S.C.
763(a)), and thereafter was granted leave to file an amended
answer to include this additional affirmative defense. On May 15,
1995, Schmidt moved for summary judgment based upon the statute of
limitations. Ciers replied to the motion for summary judgment,
requesting the circuit court to toll the statute of limitations or
to find that Schmidt waived the statute of limitations defense. 
Following argument, the court granted Schmidt's motion for summary
judgment. 
 I
 Ciers initially contends equitable principles of estoppel
dictate that he be allowed to pursue his cause of action. Schmidt
maintains Ciers has failed to prove equitable estoppel. 
 A motion for summary judgment should be granted only when the
pleadings, depositions, admissions, and affidavits on file, if any,
show that there is no genuine issue of material fact and that the
moving party is entitled to judgment as a matter of law. 735 ILCS
5/2-1005 (West 1994). Summary judgment is a drastic measure and
should be used only when the right of the moving party is clear and
free from doubt. Loyola Academy v. S & S Roof Maintenance, Inc.,
146 Ill. 2d 263, 271, 586 N.E.2d 1211 (1992). This court reviews
summary judgment orders de novo. Zoeller v. Augustine, 271 Ill.
App. 3d 370, 374, 648 N.E.2d 939 (1995); Demos v. National Bank of
Greece, 209 Ill. App. 3d 655, 659, 567 N.E.2d 1083 (1991).
 Equitable estoppel arises through a party's voluntary conduct
whereby he is precluded from asserting his rights against another
who in good faith relied on such conduct and was thereby led to
change his position to his detriment. Phillips v. Elrod, 135 Ill.
App. 3d 70, 74-75, 478 N.E.2d 1078 (1985), citing Slavis v. Slavis,
12 Ill. App. 3d 467, 473, 299 N.E.2d 413 (1973); see Vaughn v.
Speaker, 126 Ill. 2d 150, 533 N.E.2d 885 (1988).
 Ciers contends Schmidt should be estopped because it did not
object to his voluntary dismissal. No words or conduct by Schmidt
amounting to a misrepresentation or concealment of material facts
is suggested, nor is there any showing that Schmidt induced Ciers
to dismiss the case voluntarily. Cf. Witherell v. Weimer, 118 Ill.
2d 321, 515 N.E.2d 68 (1987). Ciers also focuses on Schmidt's
conduct after the filing, claiming that it participated in the
litigation and did not raise its affirmative defense until the eve
of trial. Such conduct, after the statute of limitations expired,
however, cannot be used to establish estoppel. Sanders v. Chicago
Transit Authority, 220 Ill. App. 3d 505, 508-09, 581 N.E.2d 211
(1991).
 Ciers also points to Schmidt's failure to object to his
voluntary dismissal where it knew he intended to refile. Ciers,
however, had an absolute right to voluntarily dismiss the case
without prejudice prior to trial. See Raper v. St. Mary's
Hospital, 181 Ill. App. 3d 379, 536 N.E.2d 1342 (1989). Schmidt
had no duty to inform Ciers of the consequences of his dismissal
and defense counsel's failure to alert opposing counsel of law
bearing on his case cannot support an estoppel. Greene v. Helis,
252 Ill. App. 3d 957, 962, 625 N.E.2d 162 (1993). Estoppel is
inappropriate in the present case.
 II
 Ciers next contends that Schmidt's active participation in
this litigation results in a waiver of his statute of limitations
defense.
 Waiver is the voluntary and intentional relinquishment of a
known right by conduct inconsistent with an intent to enforce that
right. Vershaw v. Northwestern National Life Insurance Co., 979
F.2d 557, 560 (7th Cir. 1992); Vaughn v. Speaker, 126 Ill. 2d 150,
533 N.E.2d 885 (1988). Waiver can arise either expressly or by
conduct inconsistent with an intent to enforce that right. 
Phillips v. Elrod, 135 Ill. App. 3d 70, 74, 478 N.E.2d 1078 (1985). 
The party claiming an implied waiver has the burden of proving a
clear, unequivocal and decisive act of its opponent manifesting an
intention to waive its rights. Greene v. Helis, 252 Ill. App. 3d
957, 962, 625 N.E.2d 162 (1993). 
 Ciers contends Schmidt's conduct is inconsistent with an
intent to enforce the statute of limitations where it actively
participated in the litigation since 1986; did not object to the
voluntary dismissal; answered the refiled complaint; participated
in discovery; requested and received an order acknowledging his
right to pursue a 33 U.S.C. 905(b) claim; made no effort to vacate
this order; and did not raise its affirmative defense until the eve
of trial. Schmidt properly maintains, however, his actions
pursuant to the first complaint cannot be construed a waiver of its
right to raise the statute of limitations defense against the
second complaint, especially where Ciers did not assert a claim
under the LHWCA in his first complaint. As aforementioned, Ciers
had an absolute right to obtain a voluntary dismissal of his first
complaint.
 Ciers places great emphasis on the court's order of November
5, 1993, which granted Schmidt's motion for partial summary
judgment and found that "plaintiff's action shall proceed as a
negligence action only as provided in 33 U.S.C. 905(b), [the
LHWCA]," maintaining that Schmidt sought this order via its motion
for partial summary judgment and the order manifests Schmidt's
acceptance of Ciers' right to pursue his LHWCA claim. No report of
proceedings on the motion for partial summary judgment has been
filed. An appellant bears the burden of providing a sufficient
record to support his claim of error and the absence of a record
raises the presumption that the circuit court's order was in
conformity with established legal principles and had a sufficient
factual basis. Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92, 459
N.E.2d 958 (1984).
 Ciers contends Schmidt's motion for partial summary judgment
asked the court to decide which of several claims he could pursue
and not to find violation of the statute of limitations. The
motion for partial summary judgment did not ask the court to decide
which claim Ciers could pursue, contrary to his argument. Count
four of the complaint did not seek damages under the LHWCA, yet the
court declared that Ciers' action could proceed as a negligence
action under the LHWCA. This was the first time during the
proceedings Schmidt became aware that Ciers could pursue a
negligence action under the LHWCA. Schmidt's conduct does not
evidence any intent to waive the statute of limitations defense. 
This court cannot infer that Schmidt knew of Ciers' LHWCA claim
prior to plaintiff's second complaint of July 30, 1991. Vershaw v.
Northwestern National Life Insurance Co., 979 F.2d 557, 560 (7th
Cir. 1992); see also Greene v. Helis, 252 Ill. App. 3d 957, 625
N.E.2d 162 (1993).
 Nor is Schmidt's failure to raise the statute of limitations
defense until the eve of trial evidence of waiver. The decision to
permit a defendant to file an amended answer raising affirmative
matter, such as the statute of limitations, anytime prior to final
judgment, is within the circuit court's discretion. Behr v. Club
Med, Inc., 190 Ill. App. 3d 396, 407, 546 N.E.2d 751 (1989). The
circuit court did not abuse its discretion. See Rognant v.
Palacios, 224 Ill. App. 3d 418, 586 N.E.2d 686 (1991); Behr, 190
Ill. App. 3d at 407. Accordingly, there was no waiver of the
statute of limitations defense.
 III
 Ciers next asserts his action should not be time barred due to
the doctrine of equitable tolling.
 Maritime torts, including 33 U.S.C. 905(b), are governed by
the statutory limitation period set forth in 46 U.S.C. 763(a). 
Logwood v. Apollo Marine Specialists, Inc., 772 F. Supp. 925, 926
(E.D. La. 1991). 46 U.S.C. 763(a) provides:
 "Unless otherwise specified by law, a suit for
 recovery of damages for personal injury or
 death, or both, arising out of a maritime
 tort, shall not be maintained unless commenced
 within three years from the date the cause of
 action accrued."
 Congress enacted section 763(a) to provide a uniform statute of
limitations for all maritime torts. Friel v. Cessna Aircraft Co.,
751 F.2d 1037, 1039 (9th Cir. 1985).
 Tolling of a statute of limitations is a question of
legislative intent. Burnett v. New York Central R.R., 380 U.S.
424, 426, 13 L. Ed. 2d 941, 85 S. Ct. 1050 (1965) (Burnett). In
order to determine legislative intent, a court "must examine the
purposes and policies underlying the limitation provision, the Act
itself, and the remedial scheme developed for the enforcement of
the rights given by the Act." Burnett, 380 U.S. at 427. Equitable
tolling may be appropriate if defendant has actively misled
plaintiff; plaintiff "in some extraordinary way" has been prevented
from asserting his rights; or plaintiff has timely asserted his
rights mistakenly in the wrong forum. Walck v. Discavage, 741 F.
Supp. 88, 91 (E.D. Pa. 1990) (Walck), quoting Kocian v. Getty
Refining & Marketing Co., 707 F.2d 748, 753 (3rd Cir. 1983). 
Equitable tolling principles must be applied with caution. Walck,
741 F. Supp. at 91.
 Ciers contends the tolling of the statute of limitations in
the present case would not conflict with the legislative purpose
behind the LHWCA. Section 905(b) of the LHWCA was enacted by
Congress to preclude an employee of an independent stevedoring
contractor from bringing suit against the vessel based upon the
warranty of seaworthiness. Stockstill v. Gypsum Transportation,
607 F.2d 1112, 1115 (5th Cir. 1979). "'Congress did not intend
that a concept of negligence approximating no-fault liability
should take its place' [citation] *** [but] suggested in the
legislative history of the amendments that a uniform federal common
law stemming from land-based negligence concepts be developed." 
Stockstill, 607 F.2d at 1115-16. The limitation provision, 46
U.S.C. 763(a), provides a uniform statute of limitations for all
maritime torts. Friel v. Cessna Aircraft Co., 751 F.2d 1037, 1039
(9th Cir. 1985).
 Ciers does not allege that "in some extraordinary way" he has
been prevented from asserting his rights (see Burnett, 380 U.S. at
429), but contends Schmidt misled him by obtaining an order that
Ciers' claim would proceed as a 33 U.S.C. 905(b) negligence
action. This argument, however, ignores his voluntary dismissal of
his first compliant. His second complaint was filed over three
years after his cause of action accrued. If the second complaint
had stated a cause of action under the LHWCA, which it did not, it
would be barred nevertheless by the statute of limitations. See 46
U.S.C. 763(a). Ciers' focus on Schmidt's actions after the filing
of the second complaint cannot be a ground for tolling the statute
of limitations. Ciers claims that Schmidt's "drafted and entered"
the court's order of November 5, 1993; however, Ciers' failure to
recognize the proper basis of his cause of action cannot be
attributed to Schmidt. That responsibility must be assigned to
Ciers. Moreover, no transcript of the court's proceedings of
November 5, 1993 has been made part of the record, and this court
will presume that the circuit court's order was in conformity with
established legal principles and had a sufficient factual basis. 
Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).
 Nor does Walck, upon which Ciers relies, support equitable
tolling here because plaintiff in Walck timely asserted his right
mistakenly in the wrong forum. 741 F. Supp. at 91. In Walck,
plaintiff timely filed a negligence action against defendant in
Maryland state court after plaintiff was injured on defendant's
boat, which was docked in Delaware. 741 F. Supp. at 89. 
Plaintiff's complaint was subsequently dismissed for lack of
personal jurisdiction; prior to the dismissal, however, plaintiff
initiated an action in a Pennsylvania federal district court, after
the expiration of the limitation period. 741 F. Supp. at 89. 
Defendant moved for summary judgment, asserting that the state
court action did not toll the running of the limitation period. 
After noting that maritime law includes traditional common law
rules, the court found that plaintiff's filing of the state claim
tolled the three-year statute of limitations found in 46 U.S.C.
763(a). 741 F. Supp. at 91. The court reasoned that Maryland's
lack of jurisdiction was not certain; plaintiff demonstrated due
diligence in pursuing her claim by filing within the appropriate
time period and serving defendant with her complaint; and plaintiff
filed her compliant in federal court three months after filing the
complaint in state court. 741 F. Supp. at 91-92.
 Unlike Walck, Ciers did not timely assert his claim in the
wrong forum; the forum in the present case never changed. Rather,
Ciers voluntarily dismissed his complaint and then filed a new
complaint, adding a new count. "A federal statute of limitations
is not tolled when the plaintiff files a claim that later is
voluntarily dismissed." (Emphasis in original.) Basco v. American
General Insurance Co., 43 F.3d 964, 965-66 (5th Cir. 1994), citing
Taylor v. Bunge Corp., 775 F.2d 617, 619 (5th Cir. 1985); 9 Charles
A. Wright & Arthur R. Miller, Federal Practice and Procedure 2367
at 186-87 (1971).
 Ciers' reliance upon Burnett also is misplaced. In Burnett,
plaintiff, a resident of Kentucky, filed a complaint under the
Federal Employers' Liability Act (FELA) against his employer, a
railroad, in an Ohio state court after plaintiff was injured in
Indiana during the course of his employment. 380 U.S. at 424. 
Venue was improper in Ohio and defendant's motion to dismiss was
granted. Eight days after plaintiff's state action was dismissed,
he filed the identical action in an Ohio federal court. 380 U.S.
at 425. The district court thereafter dismissed plaintiff's
complaint as untimely; although the state action was within the
limitations period, the federal action was untimely due to FELA's
three-year statute of limitations. 380 U.S. at 425. The Supreme
Court reversed, holding that plaintiff's suit in state court tolled
the FELA statute of limitations. 380 U.S. at 426.
 The Burnett Court first noted that FELA's limitation period
was not totally inflexible and that statutes of limitation are
designed to ensure fairness to defendants. 380 U.S. at 428. The
Court observed that plaintiff did not slumber on his rights;
service of process was made on defendant; and defendant did not
rely upon the policies embodied in the limitation statute as
defendant had appeared specially in the state court to argue for
dismissal of plaintiff's complaint. 380 U.S. at 429-30. The Court
in Burnett also considered that if plaintiff had sued in a federal
court, where venue was improper, his case could have been
transferred under 28 U.S.C. 1406(a) and the statute of limitations
would not have barred his action. 380 U.S. at 430. Similarly, if
his claim had been filed under Ohio state law, he would have had an
additional year in which to refile in a proper court. These
factors led the Court to conclude that Congress did not intend the
statute of limitations to bar plaintiff's cause of action; however,
the federal limitation provision did not incorporate the state
saving statute because that would lead to nonuniform periods of
limitation. 380 U.S. at 433. Nevertheless, the various factors,
including the humanitarian purpose of FELA, supported tolling
FELA's limitation during the pendency of the state suit. The Court
found the limitation provision was tolled until the state court
order dismissing the state action became final. 380 U.S. at 434-
35.
 In the present case, Ciers' first complaint set forth three
counts based on The Jones Act. Three years later, he voluntarily
dismissed the suit. One year later, he filed his second complaint
which added a fourth count for common law negligence. The second
complaint did not state a cause of action pursuant to the LHWCA. 
Cf. Huett v. Illinois Central Gulf R.R., 268 Ill. App. 3d 494, 495,
644 N.E.2d 474 (1994). Unlike Burnett, the initial complaint here
was not struck for technical reasons; it was voluntarily dismissed. 
Moreover, Ciers did not assert an LHWCA claim in his first
complaint. On November 5, 1993, the circuit court believed that
Ciers could pursue a claim under the LHWCA. Because his first
complaint did not contain a count for negligence under either the
common law or the LHWCA, the federal statute of limitations was not
tolled. He did not assert his LHWCA cause of action until, at
earliest, July 30, 1991. This was over six years after he was
injured. Cf. Burnett, 380 U.S. at 430. Assuming, arguendo, his
initial complaint stated a cause of action under the LHWCA, Ciers
still would not prevail under Burnett because plaintiff's voluntary
dismissal did not toll the federal statute of limitations. Basco
v. American General Insurance Co., 43 F.3d 964, 965-66 (5th Cir.
1994), citing Taylor v. Bunge Corp., 775 F.2d 617, 619 (5th Cir.
1985); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and
Procedure 2367 at 186-87 (1971); see also Stephan v. Selvic Marine
Towing Co., 201 Ill. App. 3d 554, 559 N.E.2d 147 (1990). The facts
in the present case are insufficient to toll the federal statute of
limitations.
 Ciers asserts, for the first time in his reply brief, that
Schmidt has waived its right to assert that the state saving
statute, section 13-217 (735 ILCS 5/13-217 (West 1994)), does not
apply here. Not only was this argument not raised in his opening
brief (see 145 Ill. 2d R. 341(e)(7)), but he abandoned this claim
in the circuit court in responding to Schmidt's motion for summary
judgment. Arguments not raised in the circuit court are waived on
appeal. Greer v. Illinois Housing Development Authority, 122 Ill.
2d 462, 508, 524 N.E.2d 561 (1988). The circuit court did not err
in granting summary judgment for defendant.
 For the foregoing reasons, the order of the circuit court must
be affirmed.
 Affirmed.
 DiVITO and BURKE, JJ., concur.