Becky SIMS, Plaintiff,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY, Defendant.

Civ. A. No. J92–0014(W).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 28, 1992.

Eugene C. Tullos, Raleigh, Miss., for plaintiff.

Lawrence C. Gunn, Jr., Gunn & Roberts, Hattiesburg, Miss., for defendant.

ORDER DENYING MOTION TO RE-
MAND AND GRANTING MOTION
FOR PARTIAL SUMMARY JUDG-
MENT

WINGATE, District Judge.

Before the court is the motion of the plaintiff seeking to remand the above styled and numbered cause to the Circuit Court of Smith County, Mississippi. Plaintiff filed her complaint on or about June 12, 1991, in the aforesaid state court claiming $20,000.00 in actual damages and $25,-000.00 in punitive damages for the defendant's alleged bad faith failure to pay benefits under a disability insurance policy (No. P 020 457) provided the plaintiff through her former employer, the First United Bank of Mississippi. On January 13, 1992, the defendant, Lumbermens Mutual Casualty Company, removed this case pursuant to 28 U.S.C. § 1441(a).[1] In the Notice of Removal defendant alleged the following: in Section II that diversity was the basis

---

1. Title 28 U.S.C. § 1441(a) provides in pertinent part:

Except as other wise expressly provided by Act of Congress, any civil action brought in a

for removal to this court;[2] and in Section VII that the amount in controversy is $150,000.00. The "federal question" selection at Section II of the form was left blank since plaintiff's complaint alleged no federal cause of action.

On February 12, 1992, defendant moved for partial summary judgment on the issue of punitive damages contending that the plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA), Title 29 U.S.C. § 1001, *et seq.* Defendant argues that partial summary judgment on the issue of punitive damages is appropriate since ERISA preempts state law tort claims, common law claims, and all other state laws pertaining to employee benefit plans except those laws which regulate insurance. *See Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Plaintiff has not responded to this motion, nor has she requested an extension of time within which to respond.

Instead of responding to the defendant's motion for partial summary judgment in accordance with Rule 8(d) of the Uniform Local Rules, plaintiff, on March 25, 1992, filed her motion to remand. Plaintiff contends that she seeks only the total sum of $45,000.00 in damages. Therefore, says plaintiff, this court lacks subject matter jurisdiction because the plaintiff's complaint does not assert the requisite amount in controversy to justify federal jurisdiction over the case. Plaintiff offered no response to the defendant's assertion that this case is governed by ERISA.

### IS THE POLICY IN QUESTION AN EMPLOYEE WELFARE PLAN?

■ Title 29 U.S.C. § 1002(1) of ERISA defines an employee welfare benefit plan or "welfare plan" as:

> State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

2. Title 28 U.S.C. § 1332(a) provides in pertinent part:

(1) Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services ...

■ In *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982),[3] the Court said that a plan is a welfare benefit plan covered by ERISA if it is:

(1), a plan fund or program;

(2), established or maintained;

(3), by an employer or employee organization or both;

(4), for the purpose of providing (the benefits listed in 29 U.S.C. § 1002(1) [above listed] ); and

(5), to participants or their beneficiaries.

The purchase of insurance is not conclusive of whether a plan is governed by ERISA, but the purchase is substantial evidence of the establishment of a plan. *Donovan v. Dillingham, supra,* at page 1373.

In *Hansen v. Continental Insurance Company,* 940 F.2d 971, 977 (5th Cir.1991), the Court quoted *Donovan v. Dillingham, supra,* stating that, "[i]n determining whether a plan fund or program [is a plan governed by ERISA] a court must deter-

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;

3. *Donovan v. Dillingham* has been adopted by the Fifth Circuit. *See, Memorial Hospital System v. Northbrook Life Insurance Company,* 904 F.2d 236, 240–41 (5th Cir.1990).

mine whether from the surrounding circumstances a reasonable person can ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." The *Hansen* Court emphasized that the focus should be on the employer and its involvement with the administration of the plan. *Hansen v. Continental Insurance Company, supra,* at page 978. The Court explained as follows:

> In addition to some meaningful degree of participation by the employer in the creation or administration of the plan, the statute requires that the employer have had a purpose to provide health insurance, accident insurance, or other specified types of benefits to its employees. 29 U.S.C. § 1002(1). Thus, this court has held that, in a case involving the purchase of a group insurance policy, the evidence must show that the employer had an "intent to provide its employees with a welfare benefit program through the purchase and maintenance of [the] group insurance policy."

*Id.,* at page 978.

Seeking to show that the plan in issue here falls under ERISA, defendant has submitted the affidavit of its employee, Herman Felice, who works with the health claims department in Long Grove, Illinois. According to Felice, the policy in question was applied for by the First United Bank of Mississippi in order to provide long term disability insurance for its full-time employees. *See* Exhibit "A" to Felice's affidavit. Exhibit "C" to Felice's affidavit is the policy in question, a "Group Long Term Disability Policy" issued by the defendant. The first page of the policy declares that the purpose of the policy is to provide, "benefits for total disability resulting from injury or sickness." The declaration page names First United Bank as the policyholder; two classes of insureds are identified, "all active, full-time executive officers," and, "all other active, full-time employees." Eligible employees are required to work at least 30 or more hours per week and will be considered eligible until 90 days before they attain the age of 70 years. The Master Application for the policy indicates that the benefits to eligible employees are made available on a non-contributory basis. Finally, according to the defendant, First United Bank was responsible for part of the administration of the plan, particularly the claims process. Plaintiff offers nothing to contradict the policy information or the defendant's assertions.

 So, relative to the purchase of policy No. P 020 457, the court is presented with cogent evidence of the intent of First United bank of Mississippi to establish and maintain a plan fund or program for the purpose of providing long term disability benefits to eligible employees (consisting of two classes of beneficiaries). The *Donovan v. Dillingham* factors are all present, thereby leading the court to conclude that the defendant's policy was purchased by plaintiff's employer for the purpose of providing welfare benefits. Therefore, in view of the evidence presented and in absence of any argument by plaintiff to the contrary, the court finds the purchase of the defendant's policy by First United bank of Mississippi to be an employee welfare plan subject to regulation and enforcement under ERISA. Concomitantly, this finding necessarily requires the court to dismiss plaintiff's claim for punitive damages since such state law claims are not cognizable under ERISA. *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

## SUBJECT MATTER JURISDICTION

 The court now turns to plaintiff's motion to remand. Plaintiff contends in her motion to remand that her complaint does not assert the requisite amount in controversy to justify federal jurisdiction over this case. Usually, the amount in controversy is determined from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Company,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890, *reh. denied,* 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70 (1961); *St. Paul*

*Mercury Indemnity Company v. Red Cab Company,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Defendant argues that the plaintiff's claim for $45,000.00 in damages is understated and not asserted in good faith. In support of its argument, defendant points to certain of plaintiff's responses in her deposition where an answer to questions as to what she expected to recover, plaintiff suggested an amount over a period of years that, when totaled, would amount to more than $50,000.00, the jurisdictional threshold for federal court. However, the court finds it unnecessary to reach this issue since this court has jurisdiction over this lawsuit pursuant to federal jurisdiction, a consequence of the court's earlier finding that this dispute falls under ERISA.

Ordinarily, jurisdiction purporting to be premised on the presence of a federal question attaches only if the complaint itself states a substantial claim. *See Maroney v. University Interscholastic League,* 764 F.2d 403, 405 (5th Cir.1985). However, § 502(f) of ERISA, 29 U.S.C. § 1132(f), provides that, "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." As observed by the United States Supreme Court in *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a), 29 U.S.C. § 1132(a), removable to federal court." Further, the removability of these causes of action is not affected by plaintiff's failure to mention ERISA in the complaint. Once the court finds that ERISA applies, the cause is removable. *See Pilot Life Insurance Company v. De-*

*deaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

So, although this lawsuit purports to involve an amount in controversy less than the requisite jurisdictional amount of over $50,000.00, the cause of action is necessarily federal in character in light of the intent of Congress expressed at 29 U.S.C. § 1132(f); therefore, it arises pursuant to 28 U.S.C. § 1331 [4] and is removable pursuant to 28 U.S.C. § 1441(b).[5]

IT IS, THEREFORE, ORDERED that the motion of the plaintiff to remand the above styled and numbered cause to the Circuit Court of Smith County, Mississippi, is not well taken and the same is hereby denied.

IT IS FURTHER ORDERED that the motion of the defendant for partial summary judgment on the issue of punitive damages is hereby granted.

SO ORDERED.

**4.** 28 U.S.C. § 1331 provides:
 The district Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**5.** Title 28 U.S.C. § 1441(b) states as follows: Any civil action of which the district courts have original jurisdiction founded on a claim

or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.