UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-5477
_____

GEORGE E. BASCO,

Plaintiff-Appellant
Cross-Appellee,

versus

AMERICAN GENERAL INS.CO., ET AL.,

Defendants,

SPX CORP.,

Defendant-Appellee,
Cross-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(92-CV-2180)
_____
(November 30, 1994)

Before JONES and DeMOSS, Circuit Judges, and BUNTON*, District
Judge.

EDITH H. JONES, Circuit Judge:**

       This maritime products liability case presents the

question whether the voluntary dismissal of a timely filed suit

_____

       *       District Judge of the Western District of Texas, sitting by
designation.

       **      Local Rule 47.5 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens on
the legal profession."  Pursuant to that Rule, the Court has determined that this
opinion should not be published.

tolls the statute of limitations in a separate, untimely filed suit. Because under federal law this case was clearly time-barred, we need not reach appellant's other arguments against the judgment. See Missouri Pac. R.R. Co. v. Harbison-Fischer Mfg. Co., 26 F.3d 531, 538 (5th Cir. 1994) (the Fifth Circuit "can affirm the district court on the alternate grounds asserted below").

George Basco, the plaintiff, was employed as a laborer for Crain Brothers, an oil field service company. Beginning in January 1988, Basco was assigned by Crain Brothers to work for the Santa Fe Drilling Company on four different oil platforms located off the coast of Louisiana. In October 1988, Basco was injured when he and several other employees were removing the drawworks from a platform with the aid of a double-cylinder ram manufactured by SPX Corporation, the defendant/appellee/cross-appellant.

Basco filed two separate suits. He first sued Santa Fe Drilling in Louisiana state court in February 1989; Santa Fe removed the case to federal district court the following month. In October 1989, Basco joined SPX as a defendant in this suit. In June 1991, Basco filed a second suit in Louisiana state court, this time against Crain Brothers. Basco joined SPX as a defendant in that suit in May 1992 and, three months later, voluntarily dismissed SPX as a defendant in his suit against Santa Fe Drilling. Basco then settled with Crain Brothers in December 1992, thereby leaving SPX as the sole defendant in the second suit. SPX removed the case to federal district court in December 1992.

At trial, Basco alleged that SPX was liable for his injuries under federal maritime products liability law. Specifically, he asserted that the ram which SPX manufactured was defective in that it did not contain a warning to avoid using the ram in a jack-like fashion. At the close of the plaintiff's case, SPX moved for a directed verdict on two grounds: (1) that Basco's claim was barred by federal maritime law's three-year statute of limitations, see 46 App. U.S.C. § 763a, and (2) that based on the evidence, viewed in a light most favorable to Basco, no reasonable jury could conclude that the ram was defective.

The district court took SPX's motion under advisement while SPX presented its case. The case was then submitted to the jury, which found that Basco had failed to prove that SPX's ram was defective. Given the outcome, the court concluded that SPX's directed verdict motion was moot. Basco now appeals the district court's jury instructions concerning the "sophisticated user" defense. SPX cross-appeals inter alia the district court's refusal to grant SPX a directed verdict on the ground that Basco's claim is time-barred. Because SPX's cross-appeal on this point is dispositive, we reach no other issues raised.

The statute of limitations on federal maritime torts states:

> "Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued."

3

46 App. U.S.C. § 763a. Basco's second claim against SPX was filed in May 1992, more than three years after the date of his injury in October 1988. The chronology of events supports SPX's cross-appeal that Basco's suit is time-barred under this statute of limitations.

Basco responds that SPX's argument overlooks important procedural history. He concedes that the second claim against SPX was filed beyond the three-year prescriptive period, but maintains that his claim still is not barred because the first claim was not only timely filed but also pending when the second claim was filed. That SPX was voluntarily dismissed from the first claim after the filing of the second claim is irrelevant. The important fact, he argues, is that the first suit -- which was timely filed -- was pending at the time the second suit -- which was not timely filed -- was filed. Basco essentially is arguing that, for purposes of satisfying the statute of limitations for federal maritime torts, the filing of the first suit tolled the statute of limitations as to the filing of the second suit. Basco relies on Davis v. Johns-Manville Prods., 766 F.Supp. 505 (E.D. La. 1991). In Davis, the district court, sitting in diversity, initially determined that it would apply Louisiana, as opposed to federal, law regarding statute of limitations. As a result, the court concluded that the plaintiff's instant suit was not time-barred because the prior filing of a suit within the prescriptive period against a "solidary obligor" interrupted the prescriptive period as to the later suit. Basco argues that the filing of his first suit

4

similarly interrupts the prescriptive period as to the filing of the second suit.

But as SPX points out, Basco's reliance on <u>Johns-Manville Products</u> is misplaced because that court was applying a Louisiana statute of limitations whereas this suit involves a federal statute of limitations for maritime torts. A federal statute of limitations is <u>not</u> tolled when the plaintiff files a claim that later is voluntarily dismissed. <u>See</u> <u>Taylor v. Bunge Corporation</u>, 775 F.2d 617, 619 (5th Cir. 1985); 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2367 at 186-87 (1971). Once Basco voluntarily dismissed his first suit, he was in the same position as if the suit had never been filed. Basco therefore was barred under § 763a from bringing his second suit against SPX because he voluntarily dismissed the first suit.

The judgment of the district court is therefore <u>AFFIRMED</u>.