Robert William **BUERGER**, Plaintiff,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, et al., Defendants.**

No. 1:97–CV–143.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 21, 1997.

---

Robert William Buerger, pro se.

Steven D. Strickland, Bellaire, TX, for Southwestern Bell Telephone Co.

Richard Duffy Billeaud, San Antonio, TX, for SBC Communications, Inc.

John Bruce Shely, Andrews & Kurth, Houston, TX, for Aetna Life Ins. Co.

Luecretia Dillard, Dillard, McElvaney & Kovach, L.L.P., Houston, TX, Walter J. Crawford, Crawford & Olesen, Beaumont, TX, for Value Behavioral Health.

Frank A. Doyle, Hanen, Alexander, Johnson & Spalding, Houston, TX, for J. Richard Mayo, M.D.

Jay Darwin Hirsch, Hirsch, Sheiness & Garcia, Houston, TX, for Joanna Gol, Ph.D.

*MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 12(b) MOTIONS TO DISMISS OR ALTERNATIVELY MOTIONS FOR MORE DEFINITE STATEMENT*

SCHELL, Chief Judge.

Before the court are various motions filed by three of the six Defendants:

1. Aetna's Motion to Dismiss and Alternative Motion for More Definite Statement;

2. Defendant Value Behavioral Health, Inc.'s Motion Pursuant to Rule 12(b), 12(b)(1), 12(b)(5), 12(b)(6), and 12(e), FED. R. CIV. P.; and

3. Defendant, Richard Mayo, M.D., P.A.'s, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, Motion for More Definite Statement.

Plaintiff filed a response. The court has been informed that Plaintiff and Defendants SBC Communications, Inc. and Southwestern Bell Telephone Company have agreed to settle. The motions filed by Defendants SBC Communications, Inc. and Southwestern Bell Telephone Company are therefore moot. Upon consideration of the remaining motions, response, and memoranda of law, the court is of the opinion that Defendants' motions to dismiss should be GRANTED IN PART and DENIED IN PART, and that Defendants' motions for more definite statement should be GRANTED.

## BACKGROUND

Plaintiff, Robert W. Buerger, filed this action against Southwestern Bell Telephone Company ("Southwestern Bell"), SBC Communications, Inc.[1] ("SBC"), Aetna Life Insurance Company[2] ("Aetna"), Value Behavioral Health ("Value Behavioral"), Dr. J. Richard Mayo ("Dr.Mayo"), and Dr. Joanna Gol ("Dr.

Gol").[3] The allegations in Plaintiff's complaint are vague and, in some instances, inconsistent. Some working conclusions, however, can be drawn from the allegations. Plaintiff is a Customer Service Technician for Southwestern Bell. Plaintiff claims that he was unwillingly placed into Southwestern Bell's "Employee Assistance Program" ("EAP") because, among other reasons, he (1) possessed religious drawings at his work area and (2) opposed possibly unlawful actions by his employer. Apparently under the EAP, Drs. Mayo and Gol evaluated Plaintiff in October and November 1996. Dr. Mayo diagnosed Plaintiff as suffering from a mental disability. Thereafter, Plaintiff was placed on disability leave from Southwestern Bell.

Plaintiff purports to allege numerous causes of action (approximately fifteen) against Defendants. Plaintiff's central claim is that he has been discriminated against based upon a mistaken perception that he has a mental disability. In his complaint, Plaintiff includes a catch-all that Defendants have violated "the laws of the State of Texas and the Constitution of the United States of America, to include the use of the Bill of Rights and all Federally granted rights." Pl.'s Compl. at 4. Plaintiff, however, cannot satisfy Federal Rule of Civil Procedure 8(a) by reciting a vague set of facts and then referencing a laundry list of federal and State of Texas laws. Rule 8(a) requires "a short and plain statement of the claim[s] *showing that the pleader is entitled to relief.*" FED. R. CIV. P. 8(a) (emphasis added). Defendants cannot be expected to answer and defend when allegations are stated in such broad and conclusory form. Additionally, in ruling on Defendants' motions to dismiss, the court cannot assume the role of Plaintiff's advocate and survey the federal and State laws to determine what causes of action he

1. SBC Communications, Inc. was misnamed in the complaint as "Southwestern Bell Communications, Inc."

2. Aetna Life Insurance Company was misnamed in the complaint as "Aetna U.S. Healthcare."

3. Accompanying the complaint, Plaintiff filed under seal a document entitled "Addendum to Plaintiff's Original Federal Complaint' ("Addendum"). Plaintiff filed the Addendum under seal because he was concerned that the statements in the document may be damaging to Defendants. *See* Pl.'s Compl. at 13–14. The Addendum appears to be a grievance filed with the 'Texas Board of Examiners of Psychologists." The Addendum provides accounts of Plaintiff's meetings with Drs. Mayo and Gol. The court hereby lifts the seal and considers the Addendum as part of the complaint.

may allege in good faith. The court is limited to determining whether Plaintiff has stated claims upon which relief can be granted.

## APPLICABLE STANDARD FOR RULE 12(b)(6)

Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). Unless a Rule 12(b)(6) motion is converted to a summary judgment motion, the court cannot consider material outside the complaint. *See Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir.1981). The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). A pleading, however, "need not specify in exact detail every possible theory of recovery-it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. at 102–03). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102; *Kaiser Aluminum,* 677 F.2d at 1050. " 'The motion to dismiss for failure to state a claim is viewed with disfa-

vor and is rarely granted.'" *Id.* (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969)).

"[Rule 12(b)(6) ] must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim in federal court and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" WRIGHT & MILLER, *supra,* § 1356; *see also Thrift,* 44 F.3d at 356 n. 13. "[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir.1985). "Rule 8 fosters that policy by sweeping aside the hypertechnical pleading rules that once defeated many an unwary but meritorious claimant." *Id.* "A plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests." *Colle v. Brazos County,* 981 F.2d 237, 243 (5th Cir.1993). "Rule 8 indicates that a complaint need only set out a generalized statement of facts from which defendant will be able to frame a responsive pleading." WRIGHT & MILLER, *supra,* § 1357. "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (quoting 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 156–159).

▮▮▮ Plaintiff is proceeding *pro se.* "A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true." *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir.1993). "Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Id.*

## DISCUSSION

A number of Plaintiff's purported claims are either (1) not cognizable in law or (2) asserted in conclusory fashion without any

supporting factual allegations that show that Plaintiff is entitled to relief. The court first addresses the claims that can be considered without reference to a particular Defendant, and then the court addresses the claims against individual Defendants.

*Plaintiff's Claims Seemingly Applicable to All Defendants*

Plaintiff has not alleged sufficient facts (in some instances no facts whatsoever) that show he is entitled to relief under the following legal theories: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) (prohibiting employment discrimination based on race, color, religion, sex, or national origin) (see Pl.'s Compl. at 2); Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) (prohibiting employment discrimination based on age) (see Pl.'s Compl. at 2); Employee Polygraph Protection Act, 29 U.S.C. § 2002(1)-(3) (prohibiting an employer from causing an employee to submit to a lie detector test or using the results of an employee's lie detector test) (see Pl.'s Compl. at 2, 11); and Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1)(A)-(D) (requiring employers to provide employees twelve workweeks of leave for birth of a child, placement of a child with the employee for adoption or foster care, or care of self or family member suffering a serious health condition) (see Pl.'s Compl. at 11, 13). In addition, the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb–1(a), which prohibited the *government* from substantially burdening a person's exercise of religion, has been declared unconstitutional. *City of Boerne v. Flores,* —— U.S. ——, ——, 117 S.Ct. 2157, 2172, 138 L.Ed.2d 624 (1997); *see also* Pl.'s Addendum to Compl. at 5. Accordingly, Plaintiff has not stated claims for relief under the foregoing legal theories.

■ Plaintiff also purports to allege a claim for intentional infliction of emotional distress by referring to a laundry list of alleged misdeeds in the preface to the complaint. Pl.'s Compl. at 2–3. Nowhere in the complaint, however, does Plaintiff allege any facts supporting the claim and explain how each of the Defendants caused intentional infliction of emotional distress. Rule 8(a) requires that Plaintiff *show* that he is entitled to relief by explaining how alleged facts give rise to a particular claim against a par-

ticular Defendant. Under the Federal Rules of Civil Procedure, Plaintiff must provide Defendants fair notice of his claims. Merely alleging a laundry list of conclusory allegations against a group of "Defendant(s)" is not sufficient.

■ Plaintiff purports to allege claims for retaliation, reprisals, harassment, threats of termination, dereliction of duty, "failure to maintain and control THOSE responsible for administrative practices and personnel," and "ostracization from the workplace." Pl.'s Compl. at 2. Plaintiff does not provide any cognizable statutory or common law theory as a basis for these purported claims. The court is not permitted to assume the role of Plaintiff's advocate and research whether there are any cognizable legal theories to support these conclusory allegations. Accordingly, these conclusory allegations are not sufficient to state a claim upon which relief can be granted. While these purported claims may not have any independent legal basis for a claim for relief, they may, however, form a factual basis for other claims that Plaintiff may have.

■ In the preface to Plaintiff's complaint, he purports to allege a claim for intentional destruction or spoliation of evidence. *See* Pl.'s Compl. at 2. Plaintiff, however, fails to state a claim for spoliation for two reasons. First, neither the Texas Supreme Court nor the Texas Legislature has recognized a tort of spoliation. And, after reviewing the case law in Texas, the court is not convinced that the Texas Supreme Court will recognize an action for spoliation even in light of *Ortega v. Trevino,* 938 S.W.2d 219, 222–23 (Tex.App.— Corpus Christi 1997, writ pending). Second, Plaintiff does not allege sufficient facts to support a claim for spoliation because he alleges only that Defendants have refused to provide him documents. *See* Pl.'s Compl. at 14; Pl.'s Addendum to Compl. at 10.

■ Plaintiff argues that he has stated claims for violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution presumably for invasion of privacy and infringement of speech and religious rights. Pl.'s Resp. to Defs.' Mots. to Dismiss at 7; Pl.'s Compl. at 4, 12. Plaintiff,

however, cannot state these claims against Defendants because there is no "state action" allegation that the *government* violated Plaintiff's constitutional rights. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982) ("As a matter of substantive constitutional law[,] the state-action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by *governments.*") (internal quotation marks and citation omitted; emphasis added). Accordingly, Plaintiff has not stated any claims for violations of the Constitution.

 Plaintiff purports to allege a claim of "deceit" against Defendants. Pl.'s Compl. at 2. To recover on a claim for fraud, a plaintiff must establish: "(1) that a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury." *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). Plaintiff has not alleged sufficient facts to establish a claim for fraud against any of the Defendants. For example, Plaintiff alleges that he was "transported . . . across several county lines under false pretense . . . to Bellaire, Texas [to be placed in the EAP]," but Plaintiff does not allege, among other necessary elements, what material misrepresentation was made or that he suffered injury from it. *See* Pl.'s Compl. at 10. In fact, Plaintiff alleges that he was not told why he was being taken to the Houston area. *See* Pl.'s Addendum to Compl. at 4. With respect to Dr. Mayo, Plaintiff alleges that "[Dr. Mayo] has lied several times to me, about me . . . ." But, here again, Plaintiff fails to allege what those misrepresentations were. *See* Pl.'s Addendum to Compl. at 8.

 Plaintiff cannot state a claim under the ADA or Title VII against any Defendant in this action except for Defendant Southwestern Bell Telephone Company, because he does not have an employment relationship with any defendant besides Southwestern Bell. *See Phillips v. Perkiomen Crossing Homeowners Ass'n,* 4 A.D. Cases (BNA) 1759, 1995 WL 580076 (E.D.Pa.1995) (ADA); *Broussard v. L.H. Bossier, Inc.,* 789 F.2d 1158, 1159 (5th Cir.1986) (Title VII). Since Defendant Southwestern Bell Telephone Company and Plaintiff have informed the court that they have agreed to settle, any ADA claim against Southwestern Bell is moot.

*Plaintiff's Claims as to Value Behavioral Health, Inc. and Aetna Life Insurance Company*

Plaintiff purports to allege claims against Value Behavioral and Aetna. Pl.'s Compl. at 6–7. Plaintiff's allegations against these entities are incomprehensible. Nowhere does Plaintiff indicate that he has any contractual relationship with these entities or that these entities otherwise owe him a duty. Moreover, conclusory allegations—*e.g.,* "exhibited a lack of diligence, neglect, and professional misconduct toward the Plaintiff, especially where possible Federal violations are known to exist . . . [or] Defendant be held accountable and liable for its lack of concern, and inaction against the Plaintiff "—cannot be taken as true in this Rule 12(b)(6) context. Pl.'s Compl. at 6–7. Plaintiff's purported claims against Value Behavioral and Aetna also fail because he has not alleged any basis for this court's jurisdiction. Therefore, alleging no claims against Defendants Value Behavioral and Aetna, the court hereby dismisses these Defendants from this action. Determining that Plaintiff has not asserted claims against Value Behavioral, the court need not address its motion to dismiss under Rule 12(b)(5).

*Plaintiff's Claims as to Dr. Richard Mayo*

 Plaintiff purports to allege claims of medical malpractice and libel against Dr. Mayo. To recover on a medical malpractice claim, the plaintiff must establish: "(1) a duty of the physician to act according to a certain standard; (2) breach of the applicable standard of care; (3) injury; and (4) causal connection between the breach of care and the harm." *Pinckley v. Gallegos,* 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). Plaintiff sufficiently alleges facts to support a claim for medical malpractice. *See*

Pl.'s Compl. at 8–9; Pl.'s Addendum to Compl. at 7–10.

 "A libel is a defamation expressed in written or other graphic form that ... tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury." TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (Vernon 1986). Plaintiff also sufficiently alleges facts to support a claim for libel against Dr. Mayo. *See* Pl.'s Compl. at 8 (alleging "libel for the publication of a faulty diagnosis due to improper evaluations, improper treatment, and diagnosis in excess of that warranted by the case ... which has contributed to the defamation of the Plaintiff's character"). Plaintiff, however, must replead his claims for medical malpractice and libel with a basis for this court's jurisdiction over these claims.

## CONCLUSION

Therefore, Defendants Value Behavioral and Aetna's motions to dismiss are hereby GRANTED in their entirety, and Defendants Value Behavioral and Aetna are hereby DISMISSED from this action.

Defendant Dr. Mayo's motion to dismiss is hereby GRANTED IN PART except with respect to the claims for medical malpractice and libel. Plaintiff's claims against Dr. Mayo, however, will be dismissed if Plaintiff does not replead the claims with a basis for this court's jurisdiction. Further, Defendant Dr. Mayo's motion for a more definite statement under FED. R. CIV. P. 12(e)[4] is hereby GRANTED.

In any repleading, Plaintiff shall limit himself to the claims that have survived Defendants' motions to dismiss. Plaintiff shall not replead matters or purported legal theories that the court has determined have no cogni-

zable basis in law. Specifically, Plaintiff shall limit himself to (1) his medical malpractice and libel claims against Dr. Mayo, and (2) any claims he may have against Dr. Gol. In re-alleging his claims against Dr. Gol, Plaintiff shall keep in mind his obligations under Federal Rule of Civil Procedure 11 in light of the court's ruling on the other five Defendants' motions to dismiss. In re-alleging his claims against both remaining Defendants, Plaintiff shall specify which allegations apply to a particular Defendant without vague references to "the Defendant(s)," and Plaintiff shall sequentially number each allegation.

The court hereby ORDERS Plaintiff to replead his claims against Defendants Dr. Mayo and Dr. Gol on or before September 5, 1997. Further, Plaintiff and the remaining Defendants, Dr. Mayo and Dr. Gol, are hereby ORDERED to provide initial disclosures by October 3, 1997.

---

4. Rule 12(e) provides:
 If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
 FED. R. CIV. P. 12(e).