**Robert William BUERGER, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, et al., Defendants.**

**No. 1:97–CV–143.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 12, 1997.

---

**1254**

Robert William Buerger, pro se.

Steven D. Strickland, Bellaire, TX, for Southwestern Bell Telephone Co.

Richard Duffy Billeaud, San Antonio, TX, for SBC Communications, Inc.

John Bruce Shely, Andrews & Kurth, Houston, TX, for Aetna Life Ins. Co.

Luecretia Dillard, McElvaney & Kovach, L.L.P., Houston, TX, Walter J. Crawford, Crawford & Olesen, Beaumont, TX, for Value Behavioral Health.

Frank A. Doyle, Hanen, Alexander, Johnson & Spalding, Houston, TX, for J. Richard Mayo, M.D.

Jay Darwin Hirsch, Hirsch, Sheiness & Garcia, Houston, TX, for Joanna Gol, Ph.D.

## ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(h)(3)

SCHELL, Chief Judge.

Before the court are the following Motions to Dismiss, filed by all parties remaining in the case:

a) Plaintiff Robert William Buerger's ("Buerger") Motion to Dismiss this cause of action, filed on November 5, 1997. Buerger requests that the court:

(1) dismiss the cause of action without prejudice;

(2) order that the statute of limitations be tolled to August 21, 1997, which was the court's deadline for Buerger to replead his claims against the remaining defendants; and

(3) dismiss the defendants' counterclaims against Buerger for attorney's fees.

b) Defendant Richard Mayo, M.D.'s ("Mayo") Motion to Dismiss for Lack of Jurisdiction, filed on October 6, 1997. Mayo asks the court to dismiss Buerger's claims under FED. R. CIV. P. 12(b)(1), to dismiss Buerger's claims under Tex.Rev. Civ. Stat. art. 4590i § 13.01, and to award attorney's fees under art. 4590i § 13.01. Plaintiff failed to file a timely response to this motion.

c) Defendant Joanna Gol, M.D.'s ("Gol") Motion to Dismiss for Lack of Jurisdiction, filed on October 31, 1997. Gol asks the court to dismiss Buerger's claims under FED. R. CIV. P. 12(b)(1), to dismiss Buerger's claims under Tex.Rev.Civ. Stat. art. 4590i § 13.01, and to award attorney's fees under art. 4590i § 13.01. Plaintiff has in-

formed the court that he will not file a response to this motion.

Because of the court's disposition of this case under FED. R. CIV. P. 12(h)(3), the court need not consider Plaintiff's Motion to Dismiss, Defendants' Motions for Dismissal under FED. R. CIV. P. 12(b)(1), or the state law issues of dismissal or attorney's fees under art. 4590i § 13.01. The Defendants' Motions to Dismiss and Plaintiff's Motion to Dismiss are hereby declared MOOT. The case is hereby DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

The relevant facts of this lawsuit may be found in the court's order issued August 21, 1997, 982 F.Supp. 1247 ("August Order"). For the purposes of this motion, it is enough to note that in the August Order the court instructed Buerger to replead his allegations against the two remaining defendants, Drs. Mayo and Gol. August Order at 1253. The court specifically instructed Buerger to include jurisdictional allegations, in order to show why this case belonged in federal court. *Id.* at 1253.

## JURISDICTION

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is no "single, precise definition" for jurisdiction under 28 U.S.C. § 1331. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983)). "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.,* 463 U.S. at 27–28, 103 S.Ct. at 2856. "In other words, a well-pleaded complaint must reveal a federal question." *Amoco Chemical v. Tex Tin Corp.,* 902 F.Supp. 730, 734 (S.D.Tex.1995).

■ If federal law creates the cause of action, then federal question jurisdiction naturally attaches to the action. *Id.* Additionally, a cause of action created by state law does not preclude federal question jurisdiction if the "well-pleaded complaint establishe[s] that [Plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848; *see also Maroney v. University Interscholastic League,* 764 F.2d 403, 405 (5th Cir.1985) (holding that jurisdiction is only proper where a substantial question of federal law is present); *Sims v. Lumbermens Mutual Cas., Co.,* 789 F.Supp. 781, 784 (S.D.Miss.1992) (same). A substantial question of federal law exists where the claim "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Amoco Chemical,* 902 F.Supp. at 735 (quoting *Gully v. First Nat'l. Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

In this case, Buerger's remaining claims are for libel and medical malpractice. Pl.'s Am. Pet. at 5, 7. These claims are clearly state law claims and, therefore, are not created by federal law. The only possible basis for federal question jurisdiction, then, is if the "well-pleaded complaint establishe[s] that [Buerger's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848.

Buerger claims that federal question jurisdiction under § 1331 is satisfied through 28 U.S.C. § 1343. Pl.'s Am. Comp. at 1. He alleges a jurisdictional basis under § 1343 because the events giving rise to the lawsuit began with an Equal Employment Opportunity Commission investigation, and because the EEOC issued Buerger a "Right to Sue" letter. Pl.'s Am. Pet. at 1–2.

■ Section 1343 provides federal question jurisdiction for persons to redress deprivations of their civil rights. *Campbell v. Gadsden County Dist. School Bd.,* 534 F.2d 650, 653–655 (5th Cir.1976) (holding that jurisdiction under § 1343 attaches where plaintiff seeks recovery for violations of his civil rights). No civil rights statutes are implicat-

ed by the torts of medical malpractice and libel, and Buerger has failed to plead a proper connection between the conduct complained of and any violations of his civil rights. Therefore, no jurisdiction exists under 28 U.S.C. § 1343.

Under FED. R. CIV. P. 12(h)(3), the court must dismiss an action over which it no longer has jurisdiction.[1] Since no subject matter jurisdiction lies under § 1343, nor under § 1331, the court must DISMISS this action WITHOUT PREJUDICE. The court can take no further action. Thus, the state law claims for dismissal and attorney's fees under Tex.Rev.Civ. Stat. Art. 4590i § 13.01 are properly left undecided. *Maroney*, 764 F.2d at 405 (immediate dismissal is warranted, and all other grounds need not be decided, where the trial court lacks subject matter jurisdiction). Accordingly, all pending motions and responses before the court are hereby declared MOOT.

### STATUTE OF LIMITATIONS

■ In his Motion to Dismiss, Buerger requests that the court toll the statute of limitations until August 21, 1997, the date the court entered an Order directing Buerger to replead his claims. In the interests of clarity and fairness to all of the parties involved, the court feels it is proper to address this issue even though Buerger's Motion to Dismiss is moot.

It is true that the filing of a complaint can toll the statute of limitations in some instances. *See, e.g., Basco v. American General Ins. Co.*, 43 F.3d 964, 965 (5th Cir.1994) (in the state law forum, filing the complaint can sometimes toll the statute of limitations). However, the lack of subject matter jurisdiction means that the court can take no action regarding this case, even to toll the applicable statute of limitations. "The question of jurisdiction is always vital. A court must have jurisdiction as a prerequisite to the exercise of discretion. The question whether a court abused its discretion necessarily involves the question whether a court has any discretion to abuse." *Enterprise Intern. v. Corporacion Estatal Petrolera*, 762 F.2d 464,

471 (5th Cir.1985)) (quoting *Eighth Regional War Labor Bd. v. Humble Oil & Ref. Co.*, 145 F.2d 462, 464 (5th Cir.1944), *cert. denied*, 325 U.S. 883, 65 S.Ct. 1577, 89 L.Ed. 1998 (1945); *see also Treaty Pines Investments Partnership v. C.I.R.*, 967 F.2d 206, 212 (5th Cir. 1992) (once a court loses jurisdiction, it should dismiss the case and take no other action). Thus, the court has no power to do anything but dismiss the case.

Further, even if the court had the power to toll the limitations period, Buerger's request to simultaneously dismiss the case and to toll the statute of limitations is improper in the Fifth Circuit. Buerger has moved for a voluntary dismissal, but at the same time has requested that the statute of limitations be tolled. The Fifth Circuit has held that a plaintiff's voluntary dismissal of an earlier suit without prejudice does not toll a statute of limitations. *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir.1985); *see also* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1056 (1987). "[T]he effect of [a voluntary dismissal is] to put the plaintiff in the same legal position in which he would have been had he never brought the first suit." *Taylor*, 775 F.2d at 619; *see also Basco*, 43 F.3d at 965–66. The court finds, therefore, that even if it was proper for it to take any action in this case, it would be improper for it to toll the statute of limitations.

A refusal to toll the statute of limitations in this action does not work any prejudice against the plaintiff, should he wish to refile his suit in state court. The statute of limitations has not yet run against the remaining defendants in this case, Dr. Mayo and Dr. Gol. Plaintiff's first visit to Dr. Mayo occurred on October 23, 1996. Pl.'s Am. Pet. at 2, 7. His first visit with Dr. Gol occurred on November 8, 1996. Pl.'s Am. Pet. at 8. Therefore, Plaintiff has at least until October 23, 1998, to refile his suit, over eleven months from the date of this order.

### CONCLUSION

THEREFORE, the court hereby ORDERS that this case be DISMISSED

---

**1.** The text of the rule reads as follows: "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added). Therefore, a *sua sponte* dismissal is not only proper, but required under the text of the rule.

WITHOUT PREJUDICE in its entirety. All remaining motions and responses are hereby declared MOOT.