**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DOROTHY LEWIS, on behalf of
Vernon Lewis, deceased,

      Plaintiff-Appellant,

v.

EDWARD KENT STEVENSON,
M.D.; CHRISTOPHER MURRAY,
D.O., M.D.,

      Defendants-Appellees,

and

BHS COLLEGE MEADOWS, also
known as Behavioral Healthcare Corp,
doing business as College Meadows,

      Defendant.

No. 04-3169
(D.C. No. 03-CV-4184-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **HENRY** , and **O'BRIEN** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Dorothy Lewis, appearing pro se, appeals the district court's dismissal of her complaint against defendants Edward Stevenson, M.D. and Christopher Murray, M.D., two physicians who provided medical care to her father, Vernon Lewis, in the year prior to his death. [1] Her amended complaint, though styled as a civil rights complaint under 28 U.S.C. § 1343, alleges that defendants' negligent medical care of her father contributed to his death. The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(1), ruling that it lacked federal subject matter jurisdiction over the complaint because Ms. Lewis clearly asserted only state law claims for medical malpractice and wrongful death. The district court also dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, ruling that Ms. Lewis's claims were barred by the statute of limitations and the doctrine of res judicata, and that she lacked standing to

---

[1]    Another party named as a defendant, BHS College Meadows Hospital, was never served and was voluntarily dismissed from the case by Ms. Lewis.

bring a survivor's action. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Ms. Lewis' father suffered from Alzheimer's, and died at age eighty-four in August 1998. Prior to his death, he received medical care from Drs. Stevenson and Murray. Ms. Lewis' complaint seeks $50 billion in damages and an additional $125 billion in punitive damages, claiming that defendants overmedicated her father and provided negligent medical care. Although Ms. Lewis' complaint invoked jurisdiction under 28 U.S.C. § 1343, which relates to federal jurisdiction of civil rights claims, her complaint does not allege any facts that might establish a violation of Vernon Lewis' constitutional rights or form the basis of a federal civil rights cause of action.

As the district court correctly explained, § 1343 creates no independent substantive cause of action, but is a jurisdictional statute that provides the federal courts with subject-matter jurisdiction to hear a civil rights conspiracy claim under 42 U.S.C. § 1985, a claim for deprivation of one's civil rights under color of state law, or a claim for violation of any Act of Congress providing for the protection of civil rights. *See* 28 U.S.C. § 1343(a)(1) - (4). Because Ms. Lewis did not allege any civil rights claim or allege any facts indicating that the federal court had jurisdiction over her claims, defendants moved to dismiss her complaint. If the district court lacks jurisdiction over the subject matter of the

complaint, it must dismiss the action. *See Penteco Corp. Ltd. P'ship - 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (further explaining that federal courts are courts of limited jurisdiction, that there is a presumption against the existence of federal jurisdiction, and that the party invoking federal jurisdiction bears the burden of proving it).

In response to defendants' motions to dismiss, Ms. Lewis acknowledged that her claims were for medical malpractice and wrongful death, and that defendants were not acting under color of state law. She made the nonspecific assertion that defendants' actions violated her father's civil rights under the Fifth Amendment, but she did not explain or articulate any basis, factual or otherwise, for this statement. Indeed, she did not assert any claim that involves any question of federal law. Ms. Lewis stated only that the case would best be heard in federal court.

The district court ruled that Ms. Lewis had alleged only ordinary state law tort claims, rather than any federal civil rights violations, and it therefore dismissed the case because it lacked jurisdiction to consider her complaint. We review such a dismissal under Rule 12(b)(1) de novo. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

On appeal, Ms. Lewis challenges the district court's dismissal for lack of subject matter jurisdiction. She states that her complaint did not mention that her

father was African-American and did not allege racial discrimination, but, she asserts, for the first time on appeal, "discrimination *could* have been a primary factor for the negligent acts" of defendants. Aplt. Opening Br., at 6 (emphasis added). Ms. Lewis' mere assertion that defendants violated her father's civil rights is not sufficient to demonstrate that the district court has jurisdiction. "The party seeking the exercise of jurisdiction in [her] favor must allege in [her] pleading the facts essential to show jurisdiction." *Penteco*, 929 F.2d at 1521 (quotation omitted). Mere conclusory allegations of jurisdiction are not enough. *Id*.

Further, Ms. Lewis does not offer any evidentiary basis for her new and hypothetical assertion that discrimination could have been a factor in the allegedly negligent medical care. "[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002). No such extraordinary circumstances are present here; Ms. Lewis never alleged or even suggested racial or other discrimination before the district court, nor does she now assert any factual basis for racial or other discrimination.

In short, Ms. Lewis has asserted only state law claims for medical malpractice and wrongful death, claims over which the district court correctly ruled it lacked subject-matter jurisdiction. *See Buerger v. Southwestern Bell Tel.*

*Co.*, 982 F. Supp. 1253, 1255-56 (E.D. Tex. 1997) (explaining that no federal civil rights statute is implicated by the tort of medical malpractice). "State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations . . . ." *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968).

Because we agree that the district court lacked subject-matter jurisdiction over Ms. Lewis' complaint, we do not consider the district court's additional reasons for dismissal, namely that the claims are barred by statutes of limitation, the doctrine of res judicata and Ms. Lewis' lack of standing. *See United States ex rel. Grynberg v. Praxair, Inc*., 389 F.3d 1038, 1042 (10th Cir. 2004); *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.").

We also decline to address Ms. Lewis' contention that the district court judge should have recused herself because Ms. Lewis is acquainted with the judge's secretary. Ms. Lewis states on appeal that she belongs to the same church as the judge's secretary and attended high school with her. She has not cited to the record where this issue was raised in the district court, *see* 10th Cir. R. 28.2(C)(2), and our review of the record has not revealed that she filed any motion in the district court seeking the recusal of the judge or otherwise raising

the issue.  As noted above, we do not consider claims presented for the first time on appeal.

The judgment of the district court is AFFIRMED.


Entered for the Court


Robert H. Henry
Circuit Judge